UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALISON E. MINNIS,<br><br>               Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>               Defendant. | CASE NO. C11-5600BHS<br><br>ORDER ON VARIOUS MOTIONS |

This matter comes before the Court on Plaintiff Alison E. Minnis's ("Minnis") motions to add party plaintiff (Dkt. 12), to add party defendants (Dkt. 15), to strike affirmative defenses and for more definite statement of defense (Dkt. 17), to add party defendants (Dkt. 18) and to amend by correcting scrivener errors and recaptioning (Dkt. 23), Paul Smith's ("Smith") motion to intervene (Dkt. 19), and Defendant State of Washington, Department of Social and Health Services' ("DSHS") motion to stay case and trial schedule pending outcome of plaintiff's pending motions (Dkt. 25). The Court

ORDER - 1

has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows for the reasons stated.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 19, 2011, Minnis filed a complaint against DSHS alleging claims arising out of her employment with DSHS. Dkt. 3. On December 20, 2011, DSHS filed an answer that included sixteen affirmative defenses. Dkt. 7.

Beginning on March 30, 2012, Minnis filed the first of the various motions listed above, which the Court will address below. *See* Dkts. 12, 15, 17, 18, 19, & 23.

## II. DISCUSSION

As an initial matter, the Court concludes that Minnis's motion to strike the affirmative defenses and for more definite statement of defense (Dkt. 17) is denied as untimely as it was filed more than twenty-one days after DSHS's answer was filed (Dkt. 7). *See* Fed. R. Civ. P. 12(f). As another initial matter, the Court concludes that Minnis's motion that includes a request to correct scrivener errors and recaptioning (Dkt. 23) is granted to the extent that the punctuation corrections she seeks on pages 70 & 76 are noted. *See* Dkt. 23 at 2. However, as discussed below, her request regarding "recaptioning" will be addressed as part of the motion to amend to add claims.

**A.     Motions to Amend to Add Claims and Defendants**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party moves to amend before trial, "[t]he court should freely give leave when justice so requires." District courts generally consider four factors in determining whether to deny a motion to amend: "bad faith, undue delay, prejudice to the opposing party, and the

1  futility of amendment." *Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir. 1994).  Rule
2  20(a)(2) of the Federal Rules of Civil Procedure states that "[p]ersons . . . may be joined
3  in one action as defendants if: (A) any right to relief is asserted against them jointly,
4  severally, or in the alternative with respect to or arising out of the same transaction,
5  occurrence, or series of transactions or occurrences; and (B) any question of law or fact
6  common to all defendants will arise in the action."

7       Here, Minnis has filed two motions to add party defendants (Dkts. 15 & 18) and a
8  motion to amend the complaint to add additional claims (Dkt. 23).  The Court concludes
9  that, at this time, DSHS has failed to show bad faith, undue delay, prejudice, or futility of
10 the amendments, and Minnis has shown, at least preliminarily, that the right to relief
11 arsies out of the same series of occurrences and there are common questions of law and
12 fact.  Thus, the Court will grant the motions to amend (Dkts. 15, 18, & 23) to allow
13 Minnis to file an amended complaint to add causes of actions and defendants.  However,
14 as DSHS points out in its response (Dkt. 24), Minnis's current complaint does not
15 comport with Rule 8(a) of the Federal Rules of Civil Procedure.  Accordingly, if Minnis
16 wishes to file an amended complaint, she must do so in accordance with all of the Federal
17 Rules of Civil Procedure, including Rule 8(a), and must be filed on or before **August 6,**
18 **2012**.  If an amended complaint is filed that contains deficiencies, DSHS may file an
19 additional motion seeking relief.

20 **B.**     **Motion to Intervene and Motion to Add Plaintiff**

21      Rule 20(a)(1) of the Federal Rules of Civil Procedure states that "[p]ersons may
22 join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in

the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Rule 24 of the Federal Rules of Civil Procedure provides that a party can intervene either as a matter of right or permissively. Intervention of right is available to a person who "is given an unconditional right to intervene by a federal statute; or . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Permissive intervention is available to a person who "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

Here, the Court concludes that Minnis has shown that Smith's claims arise out of the same series of occurrences and that common questions of fact between her and Smith's claims are likely to arise in the action. Accordingly, the Court concludes that Minnis's motion to add party plaintiff (Dkt. 12) is granted and Smith may be added as a plaintiff in this action. The Court need not reach the issue of whether he has met the requirements to intervene and his motion to intervene (Dkt. 19) is denied as moot. However, as the Court discussed above, the amended complaint, which should include both Minnis and Smith as plaintiffs as well as their claims against DSHS and other defendants, must comport with the Federal Rules of Civil Procedure and be submitted on or before **August 6, 2012**.

**C.  DSHS's Motion to Stay**

Because the Court has ruled on Minnis's and Smith's pending motions, DSHS's motion to stay case and trial schedule (Dkt. 25) is denied as moot.  However, if DSHS still wishes to seek an extension of the scheduling order dates, it should file a renewed motion further explaining its request and giving just cause for any requested extension.

### III. ORDER

Therefore, it is hereby **ORDERED** that Minnis's motion to strike and for more definite statement (Dkt. 17) is **DENIED**; Minnis's motions to amend to add claims and defendants (Dkts. 15, 18, & 23) and to add party plaintiff (Dkt. 12) are **GRANTED**; Smith's motion to intervene (Dkt. 19) is **DENIED as moot**; and DSHS's motion to stay (Dkt. 25) is **DENIED as moot**.

Dated this 23rd day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge