UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALISON E. MINNIS and PAUL K. SMITH,

                Plaintiffs,

v.

STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

                Defendants.

CASE NO. C11-5600 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' MOTION TO COMPEL

This matter comes before the Court on Plaintiff Alison Minnis's ("Minnis") motion for protective order and injunctive relief (Dkt. 50) and Defendants' motion to compel (Dkt. 58). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 19, 2011, Minnis filed a complaint against multiple Defendants asserting nine causes of action. Dkt. 3. On August 6, 2012, Plaintiffs filed an amended complaint adding Plaintiff Paul Smith ("Smith") and asserting 23 causes of action. Dkt. 30.

1   On January 31, 2013, Minnis filed a motion for protective order and injunctive
2   relief. Dkt. 50. On February 11, 2013, Defendants responded. Dkt. 52. On February 14,
3   2013, Minnis replied. Dkt. 57.

4   On February 15, 2013, Defendants filed a motion to compel. Dkt. 58. On March
5   4, 2013, Smith responded. Dkt. 61. On March 8, 2013, Defendants replied. Dkt. 63. On
6   March 9, 2013, Smith replied. Dkt. 65. On March 11, 2013, Defendants filed a surreply.
7   Dkt. 66. On March 13, 2013, Smith filed another reply. Dkt. 68.

## II. FACTUAL BACKGROUND

On October 3, 2012, Defendants served Minnis and Smith ("Plaintiffs") with discovery requests. Dkt. 53, First Declaration of Tobin E. Dale, Exhs. 1 & 2. Defendants contend that Minnis has failed to respond. *Id*., ¶ 3. On February 11, 2013, Defendants received Smith's responses, which included numerous objections based mainly on relevance and that responding would require a "Herculean effort." Dkt. 59, Second Declaration of Tobin E. Dale ("Second Dale Dec."), Exh. 8.

## III. DISCUSSION

**A.    Request to Strike**

Defendants move to strike Smith's first reply. Dkt. 65. The Court grants the request to strike because the brief violates the local rules. The Court also strikes Smith's second reply and will ignore both briefs. Although Plaintiffs are proceeding *pro se*, they are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court informs Smith that it will ordinarily not consider the content of improperly filed briefs.

### B. Protective Order

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). In this case, Minnis requests a protective order stating that she need not respond to Defendants' discovery requests for 90 days while she recovers from health problems. Dkt. 50. In support of this request, Minnis has submitted her doctor's opinion that, at this time, Minnis "is unable to meet the requirements that are necessary to pursue legal activities . . . ." Dkt. 44. The Court grants the extension based on the doctor's advice. Minnis, however, shall be informed that responding to discovery is a necessary part of litigation. If Minnis fails to adequately respond, the Court may dismiss some or all of her claims. Therefore, the Court grants Minnis' motion for a protective order and Defendants shall not propound discovery requests on Minnis for 60 days from the date of this order. Minnis shall file a status report no later than **May 19, 2013**, informing Defendants and the Court when she expects to fully respond to Defendants' discovery requests. Failure to file the status report may result in dismissal of her complaint.

### C. Motion to Compel

If a party fails to fully respond to discovery requests, the opposing party may file a motion to compel. Fed. R. Civ. P. 37. The party filing the motion must certify that it met and conferred with the opposing party before filing the motion. *Id*.

In this case, Defendants certify that they attempted to meet and confer with Smith, but he refused. Although Smith contends that no conference ever occurred (Dkt. 61), Defendants have submitted an email supporting their attempt to schedule a meeting

1  (Second Dale Dec., Exh. 9). Therefore, the Court finds that the meet and confer or

2  attempt to meet and confer requirement has been met on this issue.

3  With regard to the merits of the motion, Defendants contend that Smith's response

4  is inadequate and his objections are without merit. The Court has reviewed the requests

5  and the responses and agrees with Defendants. Smith's complaint alleges numerous

6  violations and injuries, which corresponds to a broad scope of relevant evidence.

7  Defendants' requests for this relevant evidence, or materials that would reasonably lead

8  to relevant evidence, are not overbroad based on Smith's own complaint. If Smith is

9  concerned as to the confidentiality of his medical records, the parties can stipulate to a

10 confidentiality agreement. This issue, however, will not prevent discovery to occur.

11 Therefore, the Court grants Defendants' motion to compel. Smith shall promptly respond

12 to Defendants' requests or face sanctions, up to and including dismissal of his claims.

### IV. ORDER

14 Therefore, it is hereby **ORDERED** that Minnis' motion for protective order and

15 injunctive relief (Dkt. 50) and Defendants' motion to compel (Dkt. 58) are **GRANTED**

16 as stated herein.

17 Dated this 18th day of March, 2013.

BENJAMIN H. SETTLE
United States District Judge