UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALISON E. MINNIS and PAUL K. SMITH,

    Plaintiffs,

v.

STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

    Defendants.

CASE NO. C11-5600 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Plaintiff Paul Smith's ("Smith") motion for reconsideration (Dkt. 70) and Defendants' motion to dismiss (Dkt. 72). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Smith's motion and grants in part and denies in part Defendants' motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 19, 2011, Plaintiff Alison Minnis ("Minnis") filed a complaint against multiple Defendants asserting nine causes of action. Dkt. 3. On August 6, 2012, Minnis filed an amended complaint adding Plaintiff Smith. Dkt. 30. The amended complaint is

146 pages long with Minnis asserting 23 causes of action and Smith asserting 7 causes of action. *Id*. Smith's causes of action are (1) malicious prosecution, (2) civil conspiracy to commit malicious prosecution, (3) abuse of process, (4) negligence, (5) interference with prospective business advantage, (6) loss of consortium, and (7) intentional infliction of emotional distress. *Id*. at 114–115.

On March 19, 2013, the Court granted Defendants' motion to compel discovery from Smith. Dkt. 69. The Court specifically ordered Smith to "promptly respond to Defendants' requests or face sanctions, up to and including dismissal of his claims." *Id*. at 4. On April 1, 2013, Smith filed a motion for reconsideration. Dkt. 70.

On April 2, 2013, Defendants filed a motion to dismiss Smith's claims for failure to comply with the Court's order. Dkt. 72. On April 22, 2013, Smith responded. Dkt. 75. On April 26, 2013, Defendants replied. Dkt. 76.

## II. DISCUSSION

**A.     Reconsideration**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In his motion, Smith argues that the Court committed manifest error, there are new facts that the Court should consider, and there is legal authority that was not brought by

ORDER - 2

the proper authority to the Court's attention. Dkt. 70 at 1. First, Smith's only relevant claim of manifest error is that the Court mischaracterized his claims and ordered him to respond to a broad sweep of discovery. *Id*. at 3–5. This was not manifest error because Smith's claims cover broad aspects of his life. For example, his claims relate to his business practices (interference with prospective business advantage), his mental health (intentional infliction of emotional distress), and his personal relationships (loss of consortium). All of these areas are relevant for discovery purposes. Therefore, the Court denies Smith's motion on this issue.

Second, Smith contends that new facts show that Defendants failed to make a good faith effort to confer before filing the motion to compel. Smith states that because Defendants will not accept service by email, that "email was not accepted by Defendants as a form of communication." Dkt. 70 at 6. Scheduling communications and service of pleadings or motions are two entirely different things. Therefore, the Court denies Smith's motion on this issue.

Finally, Smith argues that new legal authority shows that Defendants' interrogatories are improper. Smith cites *Trevino v. ACB American, Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006), for the proposition that a compound interrogatory should not be counted as a single interrogatory. Dkt. 70 at 7. Smith argues that some of Defendants' interrogatories are compound and, therefore, Defendants have exceeded the allowable number of interrogatories because the compound ones should be counted as multiple interrogatories. For example, Defendants Interrogatory "# 4 asks Plaintiff to identify not only each employer during the last ten years, but to describe work performed, title, rate of

ORDER - 3

pay, address, telephone number, and the name of the immediate supervisor." *Id*. This is not a compound interrogatory. "[C]ourts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino*, 232 F.R.D. 614 (quoting *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). Defendants' additional requests are obviously related to the primary question of employment. Therefore, the Court denies Smith's motion on this issue and denies his motion in its entirety.

**B.     Dismiss**

If a party fails to comply with a Court order, the Court may impose appropriate sanctions up to and including dismissal of the party's claims. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

> Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Id*. (citation omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

In this case, Defendants argue that Smith's actions regarding the initial discovery requests and his failure to abide by the Court's order warrant dismissal of his claims.

Dkt. 72. The Court has found that Smith's objections to discovery were without merit. Dkt. 69 at 4. It is unclear, however, whether Smith, who is proceeding *pro se*, was being willfully disobedient or merely misunderstood his responsibility to produce all material that could reasonably lead to admissible evidence. Therefore, the Court agrees with Smith that these initial actions do not warrant dismissal.

With regard to the Court's order, Smith's response appears to be willful disobedience. For example, instead of assuring the Court that he is expeditiously attempting to comply with the discovery request, Smith provides the Court with 20 legal definitions of "promptly." Dkt. 75 at 8. Although Smith is able to adequately articulate his arguments and is able to obviously research case law, he contends that he needs a legal definition of promptly in order to comply with the Court's order. The Court finds that such actions go beyond misunderstanding and weigh in favor of disobedience. Therefore, some sanctions are appropriate.

On the element of less drastic sanctions, Defendants contend that the "less drastic sanction of a warning has failed to elicit any discovery responses from Smith." Dkt. 72 at 4. The Court disagrees because Smith contends that, after Defendants' motion and the Court's order, he has answered the interrogatories and produced most of the responsive material. *See* Dkt. 78 ("status report"). Assuming Smith's assertions are true, the Court finds that Defendants should not have had to file either motion to get these responses or productions. Therefore, the Court will impose sanctions on Smith in the amount of Defendants' reasonable fees for bringing the motions. Defendants may submit an

affidavit of costs no later than May 17, 2013 and a proposed order stating that Smith shall pay the sanctions within one month of entry of the order or his claims will be dismissed.

### III. ORDER

Therefore, it is hereby **ORDERED** that Smith's motion for reconsideration (Dkt. 70) is **DENIED** and Defendants' motion to dismiss (Dkt. 72) is **GRANTED in part** as to the issue of sanctions and **DENIED in part** as to the requested relief of dismissal.

Dated this 10th day of May, 2013.

BENJAMIN H. SETTLE
United States District Judge