1

2

3

4                      UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
5                                 AT TACOMA

6

7    ALISON E. MINNIS and PAUL K.
     SMITH,                                    CASE NO. C11-5600 BHS
8
                    Plaintiffs,                ORDER DENYING PLAINTIFF'S
9                                              MOTION FOR
           v.                                  RECONSIDERATION AND
                                               GRANTING IN PART AND
10   STATE OF WASHINGTON,                      DENYING IN PART
     DEPARTMENT OF SOCIAL AND                  DEFENDANTS' MOTION TO
11   HEALTH SERVICES, et al.,                  DISMISS

12                  Defendants.

13

14         This matter comes before the Court on Plaintiff Paul Smith's ("Smith") motion for

15   reconsideration (Dkt. 70) and Defendants' motion to dismiss (Dkt. 72). The Court has

16   considered the pleadings filed in support of and in opposition to the motions and the

17   remainder of the file and hereby denies Smith's motion and grants in part and denies in

18   part Defendants' motion for the reasons stated herein.

19                            **I. PROCEDURAL HISTORY**

20         On August 19, 2011, Plaintiff Alison Minnis ("Minnis") filed a complaint against

21   multiple Defendants asserting nine causes of action. Dkt. 3. On August 6, 2012, Minnis

22   filed an amended complaint adding Plaintiff Smith. Dkt. 30. The amended complaint is

1   146 pages long with Minnis asserting 23 causes of action and Smith asserting 7 causes of

2   action.  *Id.*  Smith's causes of action are (1) malicious prosecution, (2) civil conspiracy to

3   commit malicious prosecution, (3) abuse of process, (4) negligence, (5) interference with

4   prospective business advantage, (6) loss of consortium, and (7) intentional infliction of

5   emotional distress.  *Id.* at 114–115.

6          On March 19, 2013, the Court granted Defendants' motion to compel discovery

7   from Smith.  Dkt. 69.  The Court specifically ordered Smith to "promptly respond to

8   Defendants' requests or face sanctions, up to and including dismissal of his claims."  *Id.*

9   at 4.  On April 1, 2013, Smith filed a motion for reconsideration.  Dkt. 70.

10         On April 2, 2013, Defendants filed a motion to dismiss Smith's claims for failure

11  to comply with the Court's order.  Dkt. 72.  On April 22, 2013, Smith responded.  Dkt.

12  75.  On April 26, 2013, Defendants replied.  Dkt. 76.

13                              **II. DISCUSSION**

14  **A.     Reconsideration**

15         Motions for reconsideration are governed by Local Rule CR 7(h), which provides

16  as follows:

17              Motions for reconsideration are disfavored. The court will ordinarily
            deny such motions in the absence of a showing of manifest error in the
18          prior ruling or a showing of new facts or legal authority which could not
            have been brought to its attention earlier with reasonable diligence.
19
    Local Rule CR 7(h)(1).
20
           In his motion, Smith argues that the Court committed manifest error, there are new
21
    facts that the Court should consider, and there is legal authority that was not brought by
22

the proper authority to the Court's attention.  Dkt. 70 at 1.  First, Smith's only relevant

claim of manifest error is that the Court mischaracterized his claims and ordered him to

respond to a broad sweep of discovery.  *Id*. at 3–5.  This was not manifest error because

Smith's claims cover broad aspects of his life.  For example, his claims relate to his

business practices (interference with prospective business advantage), his mental health

(intentional infliction of emotional distress), and his personal relationships (loss of

consortium).  All of these areas are relevant for discovery purposes.  Therefore, the Court

denies Smith's motion on this issue.

Second, Smith contends that new facts show that Defendants failed to make a

good faith effort to confer before filing the motion to compel.  Smith states that because

Defendants will not accept service by email, that "email was not accepted by Defendants

as a form of communication."  Dkt. 70 at 6.  Scheduling communications and service of

pleadings or motions are two entirely different things.  Therefore, the Court denies

Smith's motion on this issue.

Finally, Smith argues that new legal authority shows that Defendants'

interrogatories are improper.  Smith cites *Trevino v. ACB American, Inc.*, 232 F.R.D. 612

(N.D. Cal. 2006), for the proposition that a compound interrogatory should not be

counted as a single interrogatory.  Dkt. 70 at 7.  Smith argues that some of Defendants'

interrogatories are compound and, therefore, Defendants have exceeded the allowable

number of interrogatories because the compound ones should be counted as multiple

interrogatories.  For example, Defendants Interrogatory "# 4 asks Plaintiff to identify not

only each employer during the last ten years, but to describe work performed, title, rate of

1   pay, address, telephone number, and the name of the immediate supervisor." *Id.*  This is

2   not a compound interrogatory.  "[C]ourts generally agree that 'interrogatory subparts are

3   to be counted as one interrogatory . . . if they are logically or factually subsumed within

4   and necessarily related to the primary question.'"  *Trevino*, 232 F.R.D. 614 (quoting

5   *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)).  Defendants'

6   additional requests are obviously related to the primary question of employment.

7   Therefore, the Court denies Smith's motion on this issue and denies his motion in its

8   entirety.

9   **B.    Dismiss**

10          If a party fails to comply with a Court order, the Court may impose appropriate

11   sanctions up to and including dismissal of the party's claims.  *Henry v. Gill Industries,*

12   *Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

13          Because the sanction of dismissal is such a harsh penalty, the district court
           must weigh five factors before imposing dismissal: (1) the public's interest

14          in expeditious resolution of litigation; (2) the court's need to manage its
           dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the

15          public policy favoring disposition of cases on their merits; and (5) the
           availability of less drastic sanctions.

16
17   *Id.* (citation omitted). "The first two of these factors favor the imposition of sanctions in

18   most cases, while the fourth cuts against a . . . dismissal sanction. Thus the key factors are

19   prejudice and the availability of lesser sanctions."  *Wanderer v. Johnston*, 910 F.2d 652,

     656 (9th Cir. 1990).
20
21          In this case, Defendants argue that Smith's actions regarding the initial discovery

22   requests and his failure to abide by the Court's order warrant dismissal of his claims.

ORDER - 4

1    Dkt. 72.  The Court has found that Smith's objections to discovery were without merit.

2    Dkt. 69 at 4.  It is unclear, however, whether Smith, who is proceeding *pro se*, was being

3    willfully disobedient or merely misunderstood his responsibility to produce all material

4    that could reasonably lead to admissible evidence.  Therefore, the Court agrees with

5    Smith that these initial actions do not warrant dismissal.

6        With regard to the Court's order, Smith's response appears to be willful

7    disobedience.  For example, instead of assuring the Court that he is expeditiously

8    attempting to comply with the discovery request, Smith provides the Court with 20 legal

9    definitions of "promptly."  Dkt. 75 at 8.  Although Smith is able to adequately articulate

10   his arguments and is able to obviously research case law, he contends that he needs a

11   legal definition of promptly in order to comply with the Court's order.  The Court finds

12   that such actions go beyond misunderstanding and weigh in favor of disobedience.

13   Therefore, some sanctions are appropriate.

14       On the element of less drastic sanctions, Defendants contend that the "less drastic

15   sanction of a warning has failed to elicit any discovery responses from Smith."  Dkt. 72 at

16   4.  The Court disagrees because Smith contends that, after Defendants' motion and the

17   Court's order, he has answered the interrogatories and produced most of the responsive

18   material.  *See* Dkt. 78 ("status report").  Assuming Smith's assertions are true, the Court

19   finds that Defendants should not have had to file either motion to get these responses or

20   productions.  Therefore, the Court will impose sanctions on Smith in the amount of

21   Defendants' reasonable fees for bringing the motions.  Defendants may submit an

22

1  affidavit of costs no later than May 17, 2013 and a proposed order stating that Smith shall

2  pay the sanctions within one month of entry of the order or his claims will be dismissed.

3                                          **III. ORDER**

4          Therefore, it is hereby **ORDERED** that Smith's motion for reconsideration (Dkt.

5  70) is **DENIED** and Defendants' motion to dismiss (Dkt. 72) is **GRANTED in part** as to

6  the issue of sanctions and **DENIED in part** as to the requested relief of dismissal.

7          Dated this 10th day of May, 2013.

8

9

10                                          BENJAMIN H. SETTLE
                                            United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22