The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| ALISON E. MINNIS, pro se, & PAUL K. SMITH, pro se,<br><br>    Plaintiffs,<br><br>  v.<br><br>STATE OF WASHINGTON, D.S.H.S., et al.,<br><br>    Defendants. | NO.  11-cv-05600 BHS<br><br>ORDER AWARDING DISCOVERY SANCTIONS TO DEFENDANTS AGAINST PLAINTIFF PAUL SMITH |

    This matter initially came before the court on *Defendants' Motion to Compel Discovery from Plaintiff Paul Smith* (Dkt. 58).  Defendants filed this motion because plaintiff Paul Smith ("Smith"), after having four months and multiple extensions to answer discovery, provided no substantive answers to any interrogatory, did not respond to any request for production, and did not produce any documents.  *See* Dkt. 58, p. 1.  The court granted defendants' motion to compel and ordered that "Smith shall promptly respond to Defendants' requests or face sanctions, up to and including dismissal of his claims."  Dkt. 69, p. 4.

    After waiting two weeks and receiving no responses, defendants filed *Defendants' Motion to Dismiss Plaintiff Paul Smith's Claims for Failure to Comply with Court Order* (Dkt. 72).  The court declined to dismiss the case, and instead imposed less drastic sanctions.

1  Dkt. 82.  The court determined "sanctions are appropriate" as "Smith's response [to the court's
2  order compelling discovery] appears to be willful disobedience."  Dkt. 82, p. 5.  Smith
3  contended that after defendants' motion and the court's order he answered discovery.  The
4  court found that, if Smith's assertions were true, then defendants should not have had to file
5  (1) *Defendants' Motion to Compel Discovery from Plaintiff Paul Smith* (Dkt. 58) or
6  (2) *Defendants' Motion to Dismiss Plaintiff Paul Smith's Claims for Failure to Comply With*
7  *Court Order* (on motion to compel) (Dkt. 72).  Therefore, the court imposed "sanctions on
8  Smith in the amount of Defendants' reasonable fees for bringing the motions," and requested a
9  fee affidavit from defendants.  Dkt. 82, pp. 5-6.

10  On May 15, 2013, defendants filed their fee declaration.  In connection with
11  defendants' two discovery motions, defendants filed 10 pleadings (Dkts. 58, 59, 63, 64, 66, 72,
12  73, 76, 77, and 80) and plaintiffs filed 10 pleadings (Dkts. 61, 62, 65, 67, 68, 70, 74, 75, 78,
13  and 79).  Per their fee declaration, to bring their two discovery motions, defendants incurred
14  time researching and drafting defendants' 10 pleadings, reviewing plaintiffs' 10 pleadings, and
15  analyzing the sufficiency of Smith's multiple discovery "responses" in light of the court's
16  order compelling them.  Per their fee declaration, defendants' attorney, Assistant Attorney
17  General Tobin Dale, spent more than 40 hours at a recovery rate of $225/hour; Assistant
18  Attorney General Kathryn Leonard spent 2.5 hours at a recovery rate of $225/hour; and their
19  paralegal Gerald Neumann spent more than 5 hours at a recovery rate of $85/hour.  For the
20  reasons stated in their fee declaration, the court finds these hourly rates to be reasonable.

21  Therefore, in accordance with this court's order dated May 10, 2013 (Dkt. 82), Smith
22  shall pay $7500 in sanctions to defendants within one month of entry of this order, or all his
23  claims in this matter will be dismissed *with prejudice*.  The court finds this amount to be
24  reasonable fees for these discovery motions in this case.  This payment shall be made by
25  cashier's check, made payable to the "Attorney General's Office," and delivered to Attorney
26  General of Washington, Torts Division, 800 5th Avenue, Suite 2000, Seattle, WA 98104.

1    ENTERED this 6th day of June, 2013.

                                   BENJAMIN H. SETTLE
                                   United States District Judge

Presented by:

ROBERT W. FERGUSON
Attorney General

*/s/ Tobin E. Dale*
TOBIN E. DALE, WSBA No. 29595
Assistant Attorney General
Attorneys for Defendants