UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALISON E. MINNIS and PAUL K. SMITH,

        Plaintiffs,

   v.

STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

        Defendants.

CASE NO. C11-5600 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION FOR RECONSIDERATION

    This matter comes before the Court on Plaintiff Paul Smith's ("Smith") motion for protective order (Dkt. 81) and motion for reconsideration (Dkt. 93). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On August 19, 2011, Plaintiff Alison Minnis ("Minnis") filed a complaint against multiple Defendants asserting nine causes of action. Dkt. 3. On August 6, 2012, Minnis

filed an amended complaint adding Plaintiff Smith. Dkt. 30. The amended complaint is 146 pages long with Minnis asserting 23 causes of action and Smith asserting 7 causes of action. *Id*. Smith's causes of action are (1) malicious prosecution, (2) civil conspiracy to commit malicious prosecution, (3) abuse of process, (4) negligence, (5) interference with prospective business advantage, (6) loss of consortium, and (7) intentional infliction of emotional distress. *Id*. at 114–115.

On March 19, 2013, the Court granted Defendants' motion to compel discovery from Smith. Dkt. 69. The Court specifically ordered Smith to "promptly respond to Defendants' requests or face sanctions, up to and including dismissal of his claims." *Id*. at 4. On April 2, 2013, Defendants filed a motion to dismiss Smith's claims for failure to comply with the Court's order. Dkt. 72. On May 10, 2013, the Court declined to dismiss Smith's claims, but imposed sanctions on Smith. Dkt. 82. On June 6, 2013, the Court ordered Smith to pay Defendants' fees for the discovery motions. Dkt. 91. On June 13, 2013, Smith filed a motion for reconsideration. Dkt. 93.

On May 2, 2013, Smith filed a motion for protective order. Dkt. 81. On May 13, 2013, Defendants responded. Dkt. 83. On May 17, 2013, Smith replied. Dkt. 88.

## II. DISCUSSION

**A.     Reconsideration**

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Local Rule CR 7(h)(1).

In this case, Smith has failed to show manifest error in the Court's previous order and has failed to cite new facts or legal authority that would alter the decision. Therefore, the Court denies his motion for reconsideration.

**B.     Protective Order**

Any party may seek discovery of information or material that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If a party opposes a discovery request, the Court may, for good cause, forbid the disclosure or discovery request. *Id*. 26(c)(1)(A). A protective order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." *Id*. 26(c)(1)(G).

In this case, the parties dispute the scope of a protective order, not the issuance of one. Smith contends that he has produced documents marked confidential and that counsel for Defendants have failed to respect Smith's designations by publically filing some of these documents. Dkt. 81. Smith also contends that he offered to enter into the Court's model protective order, but Defendants refused. *Id*. at 11–12. On the other hand, Defendants contend that they have provided Smith with a simpler stipulated protective order that Smith has refused to enter into and that the documents that Smith has marked confidential are not entitled to any protection. Dkt. 83. Defendants do not address why they allegedly refused to enter into the Court's model protective order or why they proposed a different protective order. The model order was drafted and approved by the judges of this district based on their collective experience managing numerous cases with confidential material. Moreover, the model order contains provisions for addressing what

appears to be the main dispute between the parties, which is what information may be considered confidential. Under the model order, it is the Court task's to determine whether material is subject to protection, not the opposing party's task. Therefore, the Court denies Smith's motion for a protective order and directs the parties to Local Rule CR 5(c)(2), which provides in part as follows:

> Parties are encouraged to use this district's model protective order, available on the court's website. Parties that wish to depart from the model order must provide the court with a redlined version identifying departures from the model.

### III. ORDER

Therefore, it is hereby **ORDERED** that Smith's motion for protective order (Dkt. 81) and motion for reconsideration (Dkt. 93) are **DENIED**.

Dated this 20th day of June, 2013.

BENJAMIN H. SETTLE
United States District Judge