1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10  Alison E. Minnis, pro se,

                              Plaintiff,
11

12          v.

13  D.S.H.S. State of Washingto

14                              Defendant.

15

CASE NO. 3:11-cv-05600-BHS

MODEL STIPULATED
PROTECTIVE ORDER

16  1.    PURPOSES AND LIMITATIONS

17          Discovery in this action is likely to involve production of confidential, proprietary, or

18  private information for which special protection may be warranted. Accordingly, the parties

19  hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

20  parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

21  protection on all disclosures or responses to discovery, the protection it affords from public

22  disclosure and use extends only to the limited information or items that are entitled to

23  confidential treatment under the applicable legal principles, and it does not presumptively entitle

24  parties to file confidential information under seal.

MODEL STIPULATED PROTECTIVE ORDER- 1

1  2.    "CONFIDENTIAL" MATERIAL

2        "Confidential" material shall include the following documents and tangible things

3  produced or otherwise exchanged: [The parties must include a list of specific documents such as

4  "company's customer list" or "plaintiff's medical records;" do not list broad categories of

5  documents such as "sensitive business material"].  Plaintiff's Medical Records.

6  3.    SCOPE

7        The protections conferred by this agreement cover not only confidential material (as

8  defined above), but also (1) any information copied or extracted from confidential material; (2)

9  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

10  conversations, or presentations by parties or their counsel that might reveal confidential material.

11  However, the protections conferred by this agreement do not cover information that is in the

12  public domain or becomes part of the public domain through trial or otherwise.

13  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

14        4.1    Basic Principles.  A receiving party may use confidential material that is disclosed

15  or produced by another party or by a non-party in connection with this case only for prosecuting,

16  defending, or attempting to settle this litigation. Confidential material may be disclosed only to

17  the categories of persons and under the conditions described in this agreement. Confidential

18  material must be stored and maintained by a receiving party at a location and in a secure manner

19  that ensures that access is limited to the persons authorized under this agreement.

20        4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

21  ordered by the court or permitted in writing by the designating party, a receiving party may

22  disclose any confidential material only to:

23

24

MODEL STIPULATED PROTECTIVE ORDER- 2

1        (a) the receiving party's counsel of record in this action, as well as employees of

2  counsel to whom it is reasonably necessary to disclose the information for this litigation;

3        (b) the officers, directors, and employees (including in house counsel) of the

4  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

5  agree that a particular document or material produced is for Attorney's Eyes Only and is so

6  designated;

7        (c) experts and consultants to whom disclosure is reasonably necessary for this

8  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9        (d) the court, court personnel, and court reporters and their staff;

10        (e) copy or imaging services retained by counsel to assist in the duplication of

11  confidential material, provided that counsel for the party retaining the copy or imaging service

12  instructs the service not to disclose any confidential material to third parties and to immediately

13  return all originals and copies of any confidential material;

14        (f) during their depositions, witnesses in the action to whom disclosure is

15  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

16  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

17  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

18  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

19  under this agreement;

20        (g) the author or recipient of a document containing the information or a

21  custodian or other person who otherwise possessed or knew the information.

22     4.3    Filing Confidential Material. Before filing confidential material or discussing or

23  referencing such material in court filings, the filing party shall confer with the designating party

24

1  to determine whether the designating party will remove the confidential designation, whether the

2  document can be redacted, or whether a motion to seal or stipulation and proposed order is

3  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

4  standards that will be applied when a party seeks permission from the court to file material under

5  seal.

6  5.      DESIGNATING PROTECTED MATERIAL

7        5.1      Exercise of Restraint and Care in Designating Material for Protection. Each party

8  or non-party that designates information or items for protection under this agreement must take

9  care to limit any such designation to specific material that qualifies under the appropriate

10  standards. The designating party must designate for protection only those parts of material,

11  documents, items, or oral or written communications that qualify, so that other portions of the

12  material, documents, items, or communications for which protection is not warranted are not

13  swept unjustifiably within the ambit of this agreement.

14        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

15  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

16  unnecessarily encumber or delay the case development process or to impose unnecessary

17  expenses and burdens on other parties) expose the designating party to sanctions.

18        If it comes to a designating party's attention that information or items that it designated

19  for protection do not qualify for protection, the designating party must promptly notify all other

20  parties that it is withdrawing the mistaken designation.

21        5.2      Manner and Timing of Designations. Except as otherwise provided in this

22  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

23  ordered, disclosure or discovery material that qualifies for protection under this agreement must

24

MODEL STIPULATED PROTECTIVE ORDER- 4

1  be clearly so designated before or when the material is disclosed or produced.

2        (a) Information in documentary form: (*e.g.*, paper or electronic documents and

3  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

4  the designating party must affix the word "CONFIDENTIAL" to each page that contains

5  confidential material. If only a portion or portions of the material on a page qualifies for

6  protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

7  making appropriate markings in the margins).

8        (b) Testimony given in deposition or in other pretrial or trial proceedings: the

9  parties must identify on the record, during the deposition, hearing, or other proceeding, all

10  protected testimony, without prejudice to their right to so designate other testimony after

11  reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a

12  deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

13        (c) Other tangible items: the producing party must affix in a prominent place on

14  the exterior of the container or containers in which the information or item is stored the word

15  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

16  the producing party, to the extent practicable, shall identify the protected portion(s).

17      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

18  designate qualified information or items does not, standing alone, waive the designating party's

19  right to secure protection under this agreement for such material. Upon timely correction of a

20  designation, the receiving party must make reasonable efforts to ensure that the material is

21  treated in accordance with the provisions of this agreement.

22  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

23      6.1    Timing of Challenges. Any party or non-party may challenge a designation of

24

MODEL STIPULATED PROTECTIVE ORDER- 5

Case 3:11-cv-05600-BHS  Document 96  Filed 07/01/13  Page 6 of 8

1   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

2   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

3   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

4   challenge a confidentiality designation by electing not to mount a challenge promptly after the

5   original designation is disclosed.

6        6.2     Meet and Confer.  The parties must make every attempt to resolve any dispute

7   regarding confidential designations without court involvement. Any motion regarding

8   confidential designations or for a protective order must include a certification, in the motion or in

9   a declaration or affidavit, that the movant has engaged in a good faith meet and confer

10  conference with other affected parties in an effort to resolve the dispute without court action. The

11  certification must list the date, manner, and participants to the conference. A good faith effort to

12  confer requires a face-to-face meeting or a telephone conference.

13       6.3     Judicial Intervention.  If the parties cannot resolve a challenge without court

14  intervention, the designating party may file and serve a motion to retain confidentiality under

15  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

16  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

17  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

18  other parties) may expose the challenging party to sanctions. All parties shall continue to

19  maintain the material in question as confidential until the court rules on the challenge.

20  7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION
21

22       If a party is served with a subpoena or a court order issued in other litigation that compels

23  disclosure of any information or items designated in this action as "CONFIDENTIAL," that

24  party must:

1          (a)  promptly notify the designating party in writing and include a copy of the

2  subpoena or court order;

3          (b)  promptly notify in writing the party who caused the subpoena or order to

4  issue in the other litigation that some or all of the material covered by the subpoena or order is

5  subject to this agreement. Such notification shall include a copy of this agreement; and

6          (c)  cooperate with respect to all reasonable procedures sought to be pursued by

7  the designating party whose confidential material may be affected.

8  8.          UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9          If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

10  material to any person or in any circumstance not authorized under this agreement, the receiving

11  party must immediately (a) notify in writing the designating party of the unauthorized

12  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

13  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

14  this agreement, and (d) request that such person or persons execute the "Acknowledgment and

15  Agreement to Be Bound" that is attached hereto as Exhibit A.

16  9.          INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
            MATERIAL

17

18          When a producing party gives notice to receiving parties that certain inadvertently

19  produced material is subject to a claim of privilege or other protection, the obligations of the

20  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

21  provision is not intended to modify whatever procedure may be established in an e-discovery

22  order or agreement that provides for production without prior privilege review. Parties shall

23  confer on an appropriate non-waiver order under Fed. R. Evid. 502.

24  10.          NON TERMINATION AND RETURN OF DOCUMENTS

MODEL STIPULATED PROTECTIVE ORDER- 7

1    Within 60 days after the termination of this action, including all appeals, each receiving

2  party must return all confidential material to the producing party, including all copies, extracts

3  and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of

4  destruction.

5    Notwithstanding this provision, counsel are entitled to retain one archival copy of all

6  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

7  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

8  work product, even if such materials contain confidential material.

9    The confidentiality obligations imposed by this agreement shall remain in effect until a

10 designating party agrees otherwise in writing or a court orders otherwise.

11    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

13 DATED: June 25, 2013      s/Alison E. Minnis, pro se
                                                      Attorneys for Plaintiff

14

15 DATED: June 27, 2013      /s/Tobin E. Dale, #29595
                                                      Attorneys for Defendant

16

17 PURSUANT TO STIPULATION, IT IS SO ORDERED.

18 DATED: 7/2/13

19                                               [Name of Judge]      Benjamin H. Settle
                                                      United States District Judge

20

21

22

23

24