UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALISON E. MINNIS,

    Plaintiff,

  v.

STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

    Defendants.

CASE NO. C11-5600 BHS

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS AS MOOT

   This matter comes before the Court on Defendants State of Washington, Department of Social and Health Services ("DSHS"), Terri Beck, Ricky Bournival, Walter H Bracy, Cindy Burlingame-Swavely, Geoff Hartford, Angie Lindquist, Jennifer Marie Long, Connie Minton, Nancy Jane Pesci, Amy Price, Linda Rolfe, and Karen Marie Wilson's (collectively "Defendants") motion for summary judgment (Dkt. 113), Plaintiff Alison Minnis's ("Minnis") motion for extension of time (Dkt. 121), and Minnis's motion for leave to file a document (Dkt. 137). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motion for summary judgment and denies Plaintiff's motions as moot for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 4, 2011, Minnis filed a motion to proceed *in forma pauperis* and a proposed complaint. Dkt. 1. On August 11, 2011, the Court denied the motion. Dkt. 2. On August 19, 2011, Minnis paid the filing fee and filed a complaint against Defendants. Dkt. 3.

On August 6, 2012, Minnis filed an amended complaint asserting 23 causes of action: 1) Unlawful termination, discharge without due cause, 2) Harassment and targeting while protected under the Family and Medical Leave Act ("FMLA"), 3) Discrimination based on medical disability; 4) Failure to provide reasonable accommodation for medical disability, 5) Intentional infliction of emotional distress, 6) Negligence, omission, failure to protect from harm while aware of danger, 7) Fraud, fraudulent inducement of employment, 8) Employment discrimination based on gender, 9) Breach of contract, 10) Creation and maintenance of a hostile work environment, 11) Malicious prosecution, the wrongful use of criminal proceedings, 12) Abuse of Process, misuse of the judicial process, 13) Civil Conspiracy, 14) Violation of First Amendment Rights, Prior Restraint violations, 15) Disparate Treatment, violating right to equal treatment as an employee, 16) Unlawful harassment, 17) Administrative & Supervisory Negligence, 18) Discharge as Unlawful Retaliation for Title VII activity, 19) Violation of Privacy, 20) Placing of Plaintiff in a false light, 21) Public Disclosure of Private Facts, 22) Defamation, and 23) Injurious falsehood. Dkt. 30.

On August 15, 2013, Defendants filed a motion for summary judgment (Dkt. 113) and Minnis filed a motion to extend time to complete discovery (Dkt. 121). On August

21, Defendants responded to Minnis's motion. Dkt. 123. On August 30, 2013, Minnis replied. Dkt. 125. On September 3, 2013, Minnis responded to Defendants' motion. Dkt. 126. On September 6, 2013, Defendants replied. Dkt. 131. On September 9, 2013, Defendants filed a surreply requesting that the Court strike some of Minnis's submissions because they are untimely and are not admissible. Dkt. 136.

On September 19, 2013, Minnis filed a motion for leave to file a table of contents and to compel discovery responses. Dkt. 137. On September 30, 2013, Defendants responded. Dkt. 138. On October 4, 2013, Minnis replied. Dkt. 140.

## II. DISCUSSION[1]

**A.    Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").

---

[1] The Court finds that a detailed factual discussion is unnecessary because the issues can be resolved based on applicable limitations periods.

*See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     State Law Claims**

In Washington, an individual must file a claim with the risk management department before filing a tort action against the State of Washington or against state employees.  *See Levy v. State*, 91 Wn. App. 934, 941, 957 P.2d 1272 (1998).  The state claim-filing statute, RCW 4.92.100, provides in relevant part:

>All claims against the state, or against the state's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortuous conduct, must be presented to the risk management division.

The filing requirements of RCW 4.92.100 are jurisdictional, and create a condition precedent to filing suit against government bodies and employees. *Id.* at 941.

In this case, Defendants request that the Court dismiss Minnis's state law claims for failure to file a claim with the appropriate risk management department. Dkt. 113 at 11. Minnis counters that she filed a claim in May 2011. Dkt. 128 at 8. Minnis, however, has failed to submit any admissible evidence supporting this assertion. In fact, an employee with the risk management department, Scott Blonien, confirms that there is no record of Minnis ever filing a complaint with his department. Dkt. 119, Declaration of Scott Blonien, ¶ 3. This failure is fatal to the state law claims. *Id.* at 941. Therefore, the Court grants Defendants' motion on Minnis's state law claims and these claims are dismissed.

**C.    Federal Law Claims**

In this case, Minnis asserts Title VII claims that she reported to the Equal Employment Opportunity Commission ("EEOC") and a claim that she did not report to the EEOC. These claims are barred for separate reasons.

**1.    Unreported Claims**

Under Title VII, Minnis was required to file her charge for unlawful termination with the EEOC within 180 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e); *see also Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998). Defendants argue that Minnis failed to file a claim with the EEOC

regarding unlawful termination. Dkt. 113 at 13. The Court has reviewed Minnis's EEOC charge and agrees with Defendants. *See* Dkt. 114, Declaration of Tobin E. Dale, Exh. 2. Moreover, Minnis was still employed with DSHS when she filed her charge, which shows that her unlawful termination claim had not accrued at that time. Therefore, the Court grants Defendants' motion on Minnis's Title VII unlawful termination claim.

**2.    Reported Claims**

Under Title VII, if the EEOC dismisses a discrimination charge, it must notify the claimant and inform her that she has 90 days to bring a civil action. 42 U.S.C. § 2000e–5(f)(1); *Payan v. Aramark Mgmt. Services Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir.2007). The 90 days operates as a limitations period and, if the claimant fails to bring suit in that time, her action is time barred. *Id*. In some instances, equity justifies tolling the statutory period of limitations. *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1173–1174 (9th Cir. 1986) ("where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon . . . .") (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984)).

In this case, Defendants contend that Minnis failed to file a complaint within the 90 day period. Dkt. 113 at 12–13. Minnis alleges that she received the notice to sue letter on May 8, 2011. Dkt. 30 at 16. Assuming this assertion as true, the 90 day period expired on Saturday August 6, 2011 (the court would have accepted her complaint on August 8, 2011 per Fed. R. Civ. P. 6). On August 4, 2011, Minnis filed a motion to proceed in forma pauperis and proposed complaint. Dkt. 1. On August 11, 2011, the Court denied her motion to proceed in forma pauperis. Dkt. 2. On August 19, 2011,

Minnis paid the filing fee and filed her complaint. Dkt. 3. Even if the Court tolled the limitations period for the duration of Minnis's pending motion to proceed *in forma pauperis* (*Valenzuela*, 801 F.2d at 1173), Minnis still failed to timely file her complaint because the period would have been tolled for two days, but she waited eight days to file her complaint. Moreover, Minnis failed to address this issue and provides no argument in support of equitable tolling, including any additional tolling beyond the 90-day bar. Therefore, the Court grants Defendants' motion and dismisses Minnis's federal claims that were reported to the EEOC.

**D.     Minnis's Motions**

With regard to Minnis's motions, the Court finds them moot. Minnis's claims are time-barred and neither additional discovery nor additional submissions will change this determination. Therefore, the Court denies Minnis's motions as moot.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 113) is **GRANTED** and Minnis's motions (Dkts. 121 & 137) are **DENIED**.

Dated this 17th day of October, 2013.

BENJAMIN H. SETTLE
United States District Judge