UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALISON E. MINNIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>　　　　　Defendants. | CASE NO. C11-5600 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT AND MOTION TO ALTER OR AMEND JUDGMENT AND/OR FOR RECONSIDERATION |

　　This matter comes before the Court on Plaintiff Alison Minnis's ("Minnis") motion to amend judgment (Dkt. 143) and motion to alter or amend judgment and/or for reconsideration (Dkt. 144).

　　On October 17, 2013, the Court granted Defendants' motion for summary judgment and dismissed Minnis's claims. Dkt. 144. On October 27, 2013, Minnis filed a motion to amend judgment. Dkt. 143. On October 31, 2013, Minnis filed a motion to alter or amend judgment and/or for reconsideration. Dkt. 144.

ORDER - 1

1    The Ninth Circuit has instructed that amendment or alteration is appropriate under Federal Rule of Civil Procedure 59(e) "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Minnis moves for relief on numerous issues. Minnis, however, merely disagrees with the Court's decision and elaborates on her arguments that were previously presented. Her argument that the statute of limitations was tolled when she filed her complaint and motion to proceed *in forma pauperis* was adequately addressed the Court's order, and the Court's ruling is not manifest error. Her argument based on new evidence is flawed in that she has failed to submit new evidence. Minnis argues that the state was aware of her lawsuit because it offered to settle. Minnis, however, has failed to provide any case law for the proposition that an offer of settlement overcomes the jurisdictional claim filing requirements. Therefore, the Court denies the motion on the issue of whether Minnis' claims are time-barred and barred for failure to exhaust.

1  With regard to Minnis's argument that she sued some defendants individually, this
2  argument was not presented in her response to overcome summary judgment. *See* Dkt.
3  126. Even if Minnis did sue some defendants in their individual capacity, the claims
4  would have been dismissed under 28 U.S.C. 1367(c)(3) because the federal claims were
5  dismissed and the remaining claims involve state law actions against non-diverse parties.
6  Therefore, the Court denies the motion on this issue.

7  With regard to whether the Court was improperly influenced by "inflammatory
8  and false statements," the Court's order speaks for itself; the outcome of Defendants'
9  motion for summary judgment did not turn on the reliability of the cited statements.
10 Therefore, the Court denies the motion on this issue.

11 With regard to Minnis's motion to amend the judgment (Dkt. 143), it is based on
12 the same arguments presented in her other motion and have been addressed above.

13 Therefore, it is hereby **ORDERED** that Minnis's motion to amend judgment (Dkt.
14 143) and motion to alter or amend judgment and/or for reconsideration (Dkt. 144) are
15 **DENIED.**

16 Dated this 13th day of November, 2013.

BENJAMIN H. SETTLE
United States District Judge